UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES TEFFETELLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-CV-372-RLJ-DCP ) |
| OFFICER HALL, KNOX COUNTY SHERIFF'S OFFICE, SHERIFF TOM SPANGLER, and ROGER D. WILSON DETENTION FACILITY, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

The Court is in receipt of a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint.

**I.  FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [*Id.*] will be **GRANTED**.

Because Plaintiff is incarcerated in the Knox County Detention Facility, he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

Accordingly, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to Knox County Detention Facility's custodian of inmate accounts and the Court's financial deputy.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. Courts liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

### B. Analysis

Plaintiff alleges that on June 26, presumably of 2020, while he was incarcerated in the Knox County Detention Facility, Defendant Officer Hall used excessive force against him during a pat down [Doc. 1 p. 3–4]. Plaintiff has sued Officer Hall, the Knox County Sheriff's Office, Sheriff Tom Spangler, and the Roger D. Wilson Detention Facility [*Id.* at 3].

2

However, Plaintiff does not set forth any facts from which the Court can plausibly infer that Defendant Sheriff Tom Spangler was personally involved in any violation of his constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Sheriff Tom Spangler and he will be **DISMISSED**.

Also, Defendants Knox County Sheriff's Office and Roger D. Wilson Detention Facility are not "persons" under § 1983 and thus are not suable entities under this statute. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity that may be sued under § 1983); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, Plaintiff has not set forth any facts from which the Court can plausibly infer that Knox County may be liable for any alleged violation of his constitutional rights such that the Court could liberally construe Plaintiff's complaint to state a claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Thus, only Plaintiff's claim for excessive force against Officer Hall will proceed herein.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to Knox County Detention Facility's custodian of inmate accounts and the Court's financial deputy;

5. All Defendants except Officer Hall are **DISMISSED** and this action will only proceed as to Plaintiff's claim that this Defendant used excessive force against him;

6. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Officer Hall. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

7. Service shall be made on Defendant Officer Hall pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

8. Plaintiff is forewarned that if he does not return the completed service packet within the time required, the Court will dismiss this action;

9. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against Defendant;

10. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or Defendant's counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge
