UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES TEFFETELLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-CV-372-RLJ-DCP |
| OFFICER HALL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 in which Plaintiff, a former prisoner of the Knox County Sheriff's Officer ("KCSO"), alleges that Defendant Hall used excessive force against him in an incident during his KSCSO confinement [Doc. 1 p. 3–4]. Now before the Court is Defendant Hall's motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted in which he seeks dismissal of the complaint under 42 U.S.C. 1997e(e) because Plaintiff has not alleged a physical injury that is more than *de minimis* [Doc. 18]. Plaintiff filed a response in opposition to this motion [Doc. 19], and Defendant Hall filed a reply [Doc. 20]. For the reasons set forth below, Defendant Hall's motion to dismiss [Doc. 18] will be **GRANTED**.

I.   COMPLAINT ALLEGATIONS

Plaintiff alleges that, after he jokingly insulted Defendant Hall's favorite football team, Defendant Hall subjected him to a pat down in which he brought his hand up from Plaintiff's right ankle "like an uppercut" and hit Plaintiff's testicle, at which point Plaintiff "drop[ped] to the floor" for a few minutes [Doc. 1 p. 4]. According to Plaintiff, an officer sent him to the medical department to get checked after this incident [*Id.*] However, Plaintiff does not allege that he

incurred any injury from this incident, nor does he specify how much force Defendant Hall used in this incident [*Id.*]. As relief, Plaintiff seeks only "payment for pain and suffering and Officer Hall to be released from the [KCSO]" [*Id.* at 5].

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. When considering a plaintiff's claims, all factual allegations in the complaint must be taken as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's remaining claim survived the Court's initial screening under the Prison Litigation Reform Act ("PLRA"), the standard for a Rule 12(b)(6) motion is a higher bar. *See, e.g, Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the PLRA screening of a complaint is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

## III. MOTION TO DISMISS, RESPONSE, AND REPLY

In his motion to dismiss, Defendant Hall asserts that while Plaintiff's complaint adequately alleges that Defendant Hall engaged in "admittedly unacceptable behavior for a corrections

officer," he does not allege a physical injury that is more than *de minimis*, as required to meet the requirements of § 1997e(e) [Doc. 18 p. 1–2] .

In his response to this motion, Plaintiff states that when he reported to the medical department after Defendant Hall's use of force, the nurse told him he had "some redness but not much swelling" and "prescribed 800 mg ibuprofen twice a day for the next ten or twelve days" [Doc. 19 p. 1–2]. Plaintiff also insists that, unlike the plaintiffs in the cases Defendant Hall cites in his motion, his act of making a joke did not warrant any use of force, and that Defendant Hall used "unreasonable or unnecessary force under the circumstances" with "the intent to do harm" in violation of the Eighth Amendment's ban on cruel and unusual punishment [*Id.* at 2].

In his reply, Defendant Hall asserts that, regardless of whether his use of force was justified, the relevant concern under § 1997e(e) is whether Plaintiff alleges a physical injury that was more than *de minimis* [Doc. 20 p. 1–2]. Defendant Hall also notes that Plaintiff did not seek to amend his complaint regarding his injury allegations in his response, but states that, even if Plaintiff had done so, his allegations in his response also allege only a *de minimis* injury [*Id.* at 2–3].

## IV. ANALYSIS

First, while Defendant Hall does not address it in his motion to dismiss, Plaintiff's request in his complaint that the KCSO "release" Defendant Hall as relief in this action is not cognizable under § 1983. *Dickson v. Burrow*, No. 5:19-CV-P163-TBR, 2019 WL 6037671, at *2 (W.D. Ky. Nov. 14, 2019) (citing *Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947, at *2, 2013 U.S. Dist. LEXIS 44697 at *5–6 (S.D. Ohio Mar. 5, 2013) for its holding that "[t]he Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees" and *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4, 2010 U.S. Dist. LEXIS 14253 at *10–11 (W.D. Mich. Feb. 18, 2010) for its holding that a court "has no authority

3

under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Further, even if this request for injunctive relief were cognizable, it is moot, as Plaintiff is not in the custody of the KCSO [Doc. 14], from which he seeks Defendant Hall's release. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Thus, this request for relief is subject to dismissal.

Next, the Court agrees with Defendant Hall that Plaintiff's remaining request for relief in the form of "payment for pain and suffering" is subject to dismissal under § 1997e(e) because Plaintiff does not allege a more than *de minimis* physical injury due to Defendant Hall's alleged "uppercut" to his testicles during a pat down. Specifically, § 1997e(e) provides that "[n]o [f]ederal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a showing of physical injury or the commission of a sexual act[.]" 42 U.S.C. § 1997e(e). While this statute does not require a significant physical injury, it does require the physical injury to be more than *de minimis* for a request for compensatory damages based on an Eighth Amendment claim to stand. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

In his motion to dismiss, Defendant Hall cites a number of cases to support his allegation that Plaintiff's complaint fails to allege a more than *de minimis* injury. Specifically, he notes that where a plaintiff alleged that the defendants had sprayed him with chemical spray when he refused to exit the shower, the Sixth Circuit found that the video of the incident showed that plaintiff had no "respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray," and therefore held that the plaintiff's claim for mental anguish arising out of this incident was subject to dismissal under § 1997e(e). *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004).

4

Defendant Hall also cites *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005), in which the Sixth Circuit held that the plaintiff alleged "nothing more than a *de minimis* injury for purposes of § 1997e(e)" where the evidence showed that the plaintiff "merely . . . had swelling, pain, and cramps, which were not serious enough to mention to medical staff the day of his release from the strip cage or two days later and which produced no medical findings at the point at which Jarriett claims to have mentioned them to staff" four to fifteen days later. *Id.* Notably, to support its holding in *Jarriett*, the Sixth Circuit cited the Fifth Circuit's finding in *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) that a "prisoner who alleged that he had a bruised ear for three days did not meet § 1997e(e) standard." *Id.* It also cited the holding in *Luong v. Hatt,* 979 F. Supp. 481, 485 (N.D. Tex.1997) that "that minor abrasions on the forearm and chest, a contusion with slight swelling of the jaw, a swollen wrist, cuts on the face and tongue, and a bloody nose were only *de minimis* injuries because they were the types of injuries that would not require 'a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury.'" *Id.*

Defendant Hall also cites *Corsetti v. Tessmer,* 41 F. App'x 753, 755–56 (6th Cir. 2002), in which the Sixth Circuit found that the plaintiff's "two small bruises" and/or "minor cuts that did not require medical attention" were not sufficient to allege a more than *de minimis* physical injury under § 1997e(e). *Id.* (citing *Siglar,* 112 F.3d at 193, and *Luong,* 979 F. Supp. at 485).

As set forth above, in his response Plaintiff does not address the substance of Defendant Hall's argument that he has not alleged a physical injury sufficient to entitle him to overcome dismissal of his claim under § 1997e(e), but rather states (without seeking to amend his complaint) that the nurse who examined him after Defendant Hall's alleged use of force found that he had "some redness but not much swelling" and "prescribed 800 mg ibuprofen twice a day for the next

ten or twelve days" and insists that Defendant Hall's use of force was excessive and unreasonable [Doc. 19 p. 1–2]. However, in light of the relevant cases that Defendant Hall cites in his motion to dismiss that the Court summarized above, even if the Court could consider Plaintiff's allegations in his response that he had "some redness but not much swelling" for which the nurse prescribed him ibuprofen in ruling on Defendant Hall's motion to dismiss, even though these allegations are not in the complaint, and assumes that Plaintiff's allegation that Defendant Hall's act of bringing his hand from Plaintiff's ankle to his testicles "like an uppercut" states a claim for violation of the Eighth Amendment, Plaintiff's only remaining request for relief is for payment for his pain and suffering due to this alleged use of force,[1] and nothing in the record allows the Court to plausibly infer that his resulting injury was more significant than those the Sixth Circuit found were *de minimis* pursuant to § 1997e(e) in *Jennings*, 93 F. App'x at 725 (pepper spray effects), *Jarriett*, 162 F. App'x at 401 ("swelling, pain, and cramps"), and *Corsetti*, 41 F. App'x at 755–56 (small bruises and/or minor cuts).

## IV. CONCLUSION

For the reasons set forth above, Defendant Hall's motion to dismiss [Doc. 18] will be **GRANTED** and this action will be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to § 1997e(e).

---

[1] As Plaintiff's only remaining request for relief is for "payment for pain and suffering," the Court's holding in this case is not affected by the Sixth Circuit's recent opinion in *Small v. Brock*, 963 F.3d 539, 543 (6th Cir. 2020), where the Sixth Circuit (1) held that "§ 1997e(e) allows prisoners alleging non-physical injury to still pursue claims for nominal damages, as well as injunctive and declaratory relief" and therefore held that as the plaintiff "s[ought] forms of relief other than compensatory damages, his case may proceed;" (2) noted that other circuits interpret this provision "to allow claims for punitive damages;" and (3) recognized that this statute "'does not bar claims for constitutional injury that do not also involve physical injury'" (citing *Aref v. Lynch*, 833 F.3d 242, 262–67 & n.15 (D.C. Cir. 2016) and quoting *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015)).

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge

7

Case 3:20-cv-00372-RLJ-DCP   Document 22   Filed 09/27/21   Page 7 of 7   PageID #: 73